IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ALLIANCE BANCORP, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 07-10943 (CSS) |
| MONTAGUE S. CLAYBROOK,<br>Chapter 7 Trustee of ALLIANCE BANCORP, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DEUTSCHE BANK, AG,<br><br>Defendant. | Adv. Pro. No. 09-_____ |

## VERIFIED COMPLAINT FOR TURNOVER OF PROPERTY OF THE ESTATE

Montague S. Claybrook (the "Trustee" or "Plaintiff"), Chapter 7 Trustee of Alliance Bancorp, Inc., formerly known as United Financial Mortgage Corporation (the "Debtor"), for his verified complaint against defendant, Deutsche Bank, AG ("Deutsche Bank" or the "Defendant"), alleges, on information and belief as to the actions of others and pursuant to the attached Verification, as follows:

### Summary of Relief Requested

Plaintiff brings this action pursuant to Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") 7001, sections 105, 541 and 542 of the Bankruptcy Code, and otherwise applicable law, seeking the turnover of certain property of the Debtor's estate from the Defendant, and other relief, as set forth more fully below.

## Jurisdiction, Venue and Parties

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) in that it arises in and relates to Plaintiff's case pending before this Court under chapter 11 of Title 11, United States Code (the "Bankruptcy Code"). This action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O).

2. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. On July 13, 2007 (the "Petition Date"), the Debtor, a privately held Illinois corporation, commenced its bankruptcy case by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code, which was filed in conjunction with certain affiliated entities, including Alliance Bancorp, a Delaware corporation (Bankr. Case No. 07-10942 (CSS)).

4. On July 16, 2007, the Trustee was appointed as interim trustee of the Debtor and thereafter became the Debtor's permanent trustee. The Trustee is Plaintiff.

5. Defendant Deutsche Bank is an international banking institution, which did business with the Debtor and does business throughout the United States of America.

## General Allegations

6. Prior to the Petition Date, the Debtor sold repurchased mortgage loans through the Debtor's Credit Suisse First Boston repurchase facility to Deutsche Bank. These sales were evidenced by certain loan purchase arrangements (the "Loan Purchase Arrangements"), which permitted Defendant to hold back a certain percentage of the relevant purchase price against the occurrence of any defaults under the Loan Purchase Arrangements.

7. In March 2007, the Defendant held back $715,501.72 from aggregated purchases. In May 2007, the Defendant held back $2,436.00 from aggregated purchases. Despite Trustee's demand for payment of these amounts post-petition, the Defendant has neither remitted these

2

monies nor has it accounted for any privileged offsets in connection therewith. The aggregate holdback receivable owing the Plaintiff is $717,937.72 (the "Holdback Obligations").

8. By this action (the "Action"), the Debtor seeks turnover of cash from the Defendant in amount equal to the Holdback Obligations pursuant to Bankruptcy Code sections 105 and 542, and makes other claims pursuant to Bankruptcy Code sections 105 and 541 and otherwise applicable law.

## First Claim for Relief

### (Turnover Pursuant to 11 U.S.C. §§ 105 and 542(a))

9. Plaintiff repeats and realleges paragraphs 1 through 8 inclusive as though fully set forth at length.

10. The cash equal to the amount of the Holdback Obligations, which, upon information, is in the custody and control of the Defendant, is property of the bankruptcy estate of the Debtor within the meaning of Bankruptcy Code sections 541 and 542(a).

11. The Plaintiff is entitled to the recovery of an amount equal to the Holdback Obligations, as such obligations are matured and immediately payable, pursuant to the Loan Purchase Arrangements. Plaintiff has made demand for turnover of the Holdback Obligations. Defendant has not turned over to the Plaintiff any amounts for the Holdback Obligations.

12. Plaintiff is entitled to turnover of cash for the Holdback Obligations in the amount of $717,937.72, plus prejudgment interest thereon as provided by law.

## Second Claim for Relief

### (Breach of Contract Pursuant to 11 U.S.C. §§ 105 and 541)

13. Plaintiff repeats and realleges paragraphs 1 through 12 inclusive, as though fully set forth at length.

14. The Loan Purchase Arrangements form a binding and enforceable contract between the Plaintiff and the Defendant.

15. As upon information, the Plaintiff has complied with its obligation under the Loan Purchase Arrangements, the Defendant has breached the Loan Purchase Arrangements by refusing to pay the Plaintiff an amount in cash equal to the Holdback Obligations.

16. As a direct and proximate result of the foregoing breach by the Defendant, the Plaintiff has suffered, and will continue to suffer, monetary damages in the amount of $717,937.72

### Third Claim for Relief

### (Accounting Pursuant to 11 U.S.C. §§ 105 and 541)

17. Plaintiff repeats and realleges each of paragraphs 1 through 16 inclusive as though fully set forth at length.

18. Pursuant to the Loan Purchase Arrangements and applicable non-bankruptcy law, the Plaintiff is entitled to a detailed, specific description and accounting of any holdbacks against any alleged defaults of Plaintiff under the Loan Purchase Arrangements. If such holdbacks have been disposed of by the Defendant, such disposition has or will cause irreparable harm to the Debtor's estate.

**WHEREFORE**, Plaintiff requests that the Court enter judgment as follows:

1. On the First Claim for Relief against the Defendant, in an amount of $717,937.72 and prejudgment interest as allowed by law and for costs of suit incurred herein including reasonable attorneys' fees.

2. On the Second Claim for Relief against the Defendant, in an amount of $717,937.72 and prejudgment interest as allowed by law and for costs of such incurred herein, including reasonable attorneys' fees.

3. On the Third Claim for Relief against the Defendant, requiring an accounting of any offsets against holdback monies in connection with the Loan Purchase Arrangements.

4. On all claims for relief, for such other and further relief as the Court may deem just and proper.

Dated: July 10, 2009

FLASTER/GREENBERG P.C.

_____
William J. Burnett (DE Bar No. 4078)
901 N. Market Street, 4th Floor
Wilmington, DE 19801
Telephone: (302) 351-1910
Facsimile: (302) 351-1919

Attorneys for Montague S. Claybrook,
Chapter 7 Trustee of Alliance Bancorp, Inc.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I hereby verify under penalty of perjury that the allegations set forth in the Verified Complaint of Plaintiff, Montague S. Claybrook, Chapter 7 Trustee of Alliance Bancorp, Inc., against Deutsche Bank, AG for Turnover of Property of the Estate, are true and correct to the best of my knowledge, information and belief.

*[signature]*

**Name: Robert Hiatt**
**Title:** Former Senior Vice President and Chief Financial Officer of Alliance Bancorp, Inc. and Consultant to Montague S. Claybrook, Chapter 7 Trustee of Alliance Bancorp, Inc.

Dated: July 10, 2009