**Newly Discovered Asset of Alliance Bancorp Case #07-10943-CSS**

**Steven Mark Rosenberg**
106 ½ Judge John Aiso Street, #225 | Los Angeles, CA 90012 |
310.971.5037 | srosenberg@alumni.usc

July 19, 2017                              Transmitted via USPS Priority Mail

**For Urgent Attention: Indications of a Newly Discovered Asset (Real Estate located at 15814 Septo Street, North Hills Area, CA 91343) :**

RE:  07-10943-CSS  Alliance Bancorp, Inc.   Case type: bk Chapter: 7 Asset: Yes   Honorable  Judge: Christopher S. Sontchi

Trustee:
Estate of Alliance Bancorp ,Inc
Charles A Stanziale, Jr, Esq
McCarter & English, LLP
100 Mulberry Street
Newark, NJ 07102

Courtesy Copy: Clerk of the
Honorable Bankruptcy Crt.
824 Market Street N
3rd Floor
Wilmington, DE 19801

Dear Alliance Bancorp, Inc Bankruptcy Trustees:
This is to respectfully bring to your attention disturbing occurrences within the above referenced proceeding, specifically identified as docket entry: # 519/ now appearing to be of relevance once again and requiring immediate attention, in the above ongoing Alliance Bancorp case.

The relevant motion and corresponding issued Order are labeled as **Exhibit "A" &" B"** for "backstory" purposes. Referring to bottom half of page 9 of this Docket entry, it states there is a........... "trustee's lack of loan documentation".[1]

In the interest of brevity, for the main body of this letter, no detailed narrative is being offered for each of the attached support exhibits to this formalized notification correspondence. The exhibits stand on their own, in context, to support the fact this property was not following bright line Pooling and Servicing Agreement (PSA) transfer into the trust NY Security Law/Real Estate Investment Conduit (REIC) imposed deadlines rules.

The included exhibits ( A-K) truly speak for themselves as to what has come to be known as securitization failure (thus an "ownership of asset issue") .

---
[1]

**Newly Discovered Asset of Alliance Bancorp Case #07-10943-CSS**

2

In a nutshell, this asset was not transferred into the trust as required

Prima facia in nature, the exhibits clearly establish this particular contended "newly discovered" real estate asset, supposedly to be identified as #735 included as a listed loan in the <u>Alliance Bancorp Trust 2007-OA1 SEC filing,</u>



is part (albeit not known until now as result of recent Federal Deposit Insurance Corporation (FDIC) Freedom of Information Act (foia) request) **of the Alliance Bancorp Estate and not the aforementioned SEC registered trust.**

2

In the interest of brevity, for the main body of this letter, no detailed narrative is being offered for each of the attached support exhibits to this formalized notification correspondence. The exhibits stand on their own, in context, to support the fact this property <u>was not following brite line Pooling and Servicing Agreement (PSA) transfer into the trust NY Security Law/Real Estate Investment Conduit (REIC) imposed deadlines rules.</u>

The exhibits being transmitted truly speak for themselves as to what has come to be known as "securitization failure".

In a nutshell, this asset was not transferred into the trust as required.
More incredibly, there is compelling documentation via provided Exhibits that this property was **NEVER properly transferred to the Trust** as required by the PSA Prospectus (and pursuant to New York Governing Law), by the *cutoff date* of on or around May 30, 2007.
**EXHIBIT: "C" Nationwide Title Clearing Company 5/30/07 Letter to Alliance Bancorp regarding Fail of Quality Control Test /REJECTION of Deed of Trust, and transmitting back to their corporate headquarters.    IMPORTANT !**
<u>Note:</u> MBS Closing Date: May 30, 2007/ with Bancorp filing bankruptcy coming just thirteen (13) days AFTER above rejection of Deed of Trust letter !
Protracted Probate Litigation (continuing over a time period almost as long as the Alliance Bancorp Bankruptcy itself has been open) regarding this property (my family house of 55 years) has forced myself into bankruptcy. Litigation is very expensive for someone such as myself who lives on a fixed income reduced retirement pension.

The loan in question of <u>$390,000</u> was made to my Dad <u>(1918-2008)</u> at a time when he was <u>87 years old</u> in <u>March 2007</u>, and <u>diagnosed with</u> <u>dementia</u>.
Consequently, being under bankruptcy I am now under the same state of imposed conditions as Alliance Bancorp, i.e. my own financial affairs likewise are under the supervision of a United States Department of Justice Bankruptcy Trustee.
For this reason, you will respectfully find at the conclusion of this letter the going forward, contact information for the Trustee in my case, as well as the Beverly Hills bankruptcy attorney who is representing me (incorporated as part of their being copied cc: of this correspondence).

**Newly Discovered Asset of Alliance Bancorp Case #07-10943-CSS**

<u>It is vital they, too are aware of this property disposition situation in context of the Alliance Bancorp Estate position and the disclosure ramifications/implications in my own bankruptcy filing papers</u>.

It is my sincere intention to be totally forthright with my creditors and fully disclose my assets/debts both secured and unsecured, in ALL of my bankruptcy filings and throughout the entire course of the proceedings.

*At this point however, I cannot do this without the help of the Alliance Bancorp Bankruptcy Estate Trustee.*

Accordingly, formally documenting the sending of this letter & moreover supporting "proof" exhibits, and now a call to action for further accounting research being constructively and diligently sought by the Alliance Bancorp Trustee as part of their fiduciary duties has hopefully been made a part of the record.

In advance, with appreciation, it is prayed that this warrented accounting research (Exhibits A thru K) occurs *forthwith,* in light of the strict time deadlines of my own personal bankruptcy and my need for transparency in my Federal Court proceedings.

In all due respect - <u>this asset requested accounting information is the only way this debtor (the undersigned) can be accurate on required bankruptcy disclosures.</u>

It is of course public policy that a person filing for bankruptcy must be diligent in the information they provide on their forms. I am being proactive by virtue of this letter to adhere to that important requirement.

There is a section of the 53-page bankruptcy filing form where it asks if I would have any future lawsuit claims.

4

**Newly Discovered Asset of Alliance Bancorp Case #07-10943-CSS**

It may be on the Alliance Bancorp Estate response to this memorialization of this **time sensitive** situation (formal Alliance Bancorp Trustee indication this property <u>was</u> or <u>was not</u> timely OR EVEN AT ALL transferred to the PSA as required, and as a result belongs to Alliance Bancorp Estate) will necessitate for my attorney to make changes to my own bankruptcy forms, disclosing the possibility of filing an <u>Omnibus Motion</u> in the Alliance Bancorp proceedings.

After the conclusion of my bankruptcy, if there is no resolution regarding this property, and you dispute my messaging about the questionable status about the largest asset listed in my filings, I will have no choice but to avail myself of the Delaware Bankruptcy court venue.

Perhaps there could be a win-win outcome where my Trustee, as empowered by the bankruptcy code, may seek to file their own AP against the Alliance Bancorp to recover this "unsecured" $510,000 asset to pay my own creditors. <u>My creditor 341 meeting is scheduled for this July 30, 2017.</u>

The local SFV Central District Court that I am in, along with the whole Central District offers a mediation program. That could be helpful in my opinion.

PSA property into the trust verbiage: at a defined point in time, with a cutoff thereafter, as MBS required standard operation procedure, is now alluded to in codified law here in California as found in the holding of: *Yvanova v. New Century Mortgage Corp., 365 P. 3d 845 - Cal: Supreme Court 2016, with caveats.*

Personally given the conclusive scope and exhaustive nature of the attached exhibits, it would be deemed reasonable and prudent for my Bankruptcy Estate trustee to pursue this in a 544 claim, or in the alternative, seek some type of mediation.

I would contend in any such Omnibus motion that would be filed in the Alliance Bancorp proceeding (should the Trustee formally abandon this claim) there is a tolling defense for late submission because it was only this most recent FDIC foia reply @*PAGE 42* ; Exhibit "D"  FDIC *foia* Log #  17-0271 )

dated June 29, 2017 causing awareness the true owner of record, as they have purported to be in the Los Angeles County Recorder's Public Office, is now called into question via a purported "assignment correction" as found in:

**Los Angeles County Recorder Instrument Number: <u>20170317787</u>**
<u>**Contended to be Introduced into Public Records: On March 21/17 at 8:00AM**</u>
*Apparent Violation of: California Civil Code Section 2924.12*
For the record, the above document is totally conflicted with the PSA transfer deadline rules and an important State of California Consumer Protection Law entitled the Homeowners Bill of Rights (#HBOR). This recorded document is dubious at most. A county recorder filed correction to a previous LA Recorder assignment post 7 years later should raise massive red flags!

I am quite confident the trustee of Alliance Bancorp will reach the proper findings based on their own independent investigation/accounting, coupled with the supporting exhibits of this letter, and concur I am right.

That concurrence would be as follows: This is an asset of the Alliance Bancorp Estate attributed to failure to timely transfer to the PSA in accordance with mandated deadlines; from there perhaps it would be reasonable that some type of deal could be struck between the parties.

Maybe a shared mutual gains proposition could take place whereby the Alliance Bancorp Estate receives some money (possibly third party outside sources to be determined; estate currently has No Asset) from my Estate, and 9 years of Civil litigation over the contested Deed of Trust (DOT) encumbrance **(where intentionally wrong parties have been presented to California Superior Court via Ultra Vires Conduct)** will finally come to an end.

In exchange of course would be a full release of purported claims on the asset, executed by the Alliance Bancorp Estate as part of the transfer, similar to the verbiage of past property sale of the estate, and quid pro quo releases from myself and capacities towards the Alliance Bancorp Estate and associated entities.

**Newly Discovered Asset of Alliance Bancorp Case #07-10943-CSS**

If that is not an option, I foresee another possible asset resolution by the Alliance Bancorp bankruptcy going through the **exact same** processing they did for **Docket # 519** (placing Ads in Trade Investor Publications) soliciting investor bids and acknowledging this asset is with a risk ( bid open at 10% of FMV per Docket #519 as precedent); being sold as is/where is (without a true paperwork trial of secured ownership. The fact pattern is the same: Missing ownership information.

While I am still in active bankruptcy, coordination with my own trustee and attorney who is representing me must occur for whatever direction is taken in this matter.

In closing, I realize this matter of "asset ownership" is no doubt complex, notwithstanding the exhibits attached show Alliance Bancorp Estate has ownership of this "unsecured" asset (unsecured because of PSA compliance failure).

It would be a MAJOR dereliction of duty if the Alliance Bancorp Estate trustee DOES NOT do their own forensic accounting investigation into this particular estate asset ownership issue, <u>now</u> that it has been shown to them via this letter and documented via provided exhibits.

Sincerely,

*Steven Rosenberg*

Steven Rosenberg, (Sole Heir of the Estate of Isadore Rosenberg) & Debtor


Cc:
Enclosures: Exhibits A-K
**Diane C Weil (TR)**
1900 Avenue of the Stars,
11th Floor
Los Angeles, CA
90067

**U.S. Trustee**
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19899-0035

**Charles Shamash**
Caceres & Shamash LLP
8200 Wilshire Blvd Ste 400
Beverly Hills, CA 90211

**Courtesy Copy To:**
Bankruptcy Clerk of the Honorable Court
824 Market Street N
3rd Floor
Wilmington, DE 19801

**Newly Discovered Asset of Alliance Bancorp Case #07-10943-CSS**

**United States Trustee (SV)**
**915 Wilshire Blvd, Suite 1850**
**Los Angeles, CA 90017**